UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Ransom, | ) | C/A No.   6:15-3164-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Warden Robert Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Tyrone Ransom, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his 2008 state conviction.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court dismiss this action for lack of prosecution.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] After the respondent filed a motion for summary judgment, an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did not file a response to the motion despite being given several extensions within which to do so.

Recommendation, which was entered on the docket on April 15, 2016. However, the petitioner did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court adopts the Magistrate Judge's Report and incorporates it herein by reference. Accordingly, this action is dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*[signature]*

Joseph F. Anderson, Jr.
United States District Judge

May 4, 2016
Columbia, South Carolina

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."